IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KELLY WHISBY,
    Plaintiff,

vs.                                          Case No. 5:10cv172/RS/EMT

JOHN DOES 1-2,
  Psychologists, Marianna Federal Prison, et al.,
    Defendants.

___

**ORDER, REPORT AND RECOMMENDATION**

    Plaintiff, an inmate at the Duval County Jail, initiated this action on June 14, 2010, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1 at 10).[1] Because he had not filed either the $350.00 filing fee or a motion to proceed in forma pauperis, he was directed to do so (Doc. 3). His motion for leave to so proceed is now pending before the court (Doc. 4). Upon review of Plaintiff's complaint, applicable statutes and controlling case law, as well as court records from this court and the United States District Court for the Middle District of Florida, the court finds this complaint is subject to summary dismissal.

    Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding in forma pauperis in civil actions under certain circumstances. It provides:

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed in forma pauperis. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of three cases previously filed by Plaintiff in the United States District Court for the Middle District of Florida, which have been previously dismissed by the district court as frivolous or for failing to state a claim upon which relief may be granted: Whisby v. Duval County Jail, Case No. 3:09cv1178-MMH-MCR (dismissed on December 9, 2009, as frivolous), Whisby v. Kuhn, Case No. 3:09cv1257-MMH-JRK (dismissed on December 28, 2009, pursuant to 28 U.S.C. § 1915(e)(2)(B) generally), and Whisby v. Kuhn, Case No. 3:10cv152-HLA-JRK (dismissed on February 26, 2010, as frivolous; appeal dismissed on June 10, 2010, for want of prosecution).[2] Plaintiff was incarcerated at the time of filing each of those cases.

The only issue thus remaining before the court is whether Plaintiff is entitled to proceed in forma pauperis under the "imminent danger of serious physical injury" exception to § 1915(g). Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit in Brown, 387 F.3d at 1350, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Accordingly, when determining whether a Plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the

---

[2] The inmate number of the plaintiff in the Middle District cases is the same as Plaintiff's (#2009022787) (*see* Doc. 1 at 1).

Case No: 5:10cv172/RS/EMT

complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed pursuant to the imminent danger exception. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when Plaintiff was placed in administrative confinement prior to filing his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, the facts alleged by Plaintiff do not show that he is suffering any ongoing physical injury, or that he is in imminent danger of serious physical injury. Plaintiff alleges that Defendants (all of whom were employed by the Federal Correctional Institution in Marianna, Florida, at the time of the events giving rise to this action) "misdiagnose[d] the Plaintiff and transfer[red] him outside his geography [sic] region to Springfield Missouri Medical Center for a psychiatric evaluation" (Doc. 1 at 8). These allegations, which reference actions that occurred at another institution on an unspecified date, do not suggest that Plaintiff is under imminent danger of serious injury. Therefore, Plaintiff's allegations are insufficient to satisfy the "imminent danger" exception to § 1915(g)'s "three strikes" rule.

Because Plaintiff did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case must be dismissed under § 1915(g). Plaintiff should not be provided an opportunity to pay the filing

fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. *See* Dupree, 284 F.3d at 1236 (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit.").

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (Doc. 4) is **DENIED**.

And it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

At Pensacola, Florida, this 13th day of August 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**